# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20058

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2016

Lyle W. Cayce
Clerk

DONNA R. ALFRED,

      Plaintiff – Appellant,

v.

HARRIS COUNTY HOSPITAL DISTRICT, doing business as Harris Health System,

      Defendant – Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-569

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant appeals the district court's dismissal of her claims against Defendant-Appellee filed pursuant to the Family Medical Leave Act ("FMLA"). 29 U.S.C. § 2601, *et seq*. We affirm.

## I. Factual & Procedural History

Plaintiff-Appellant Donna Alfred began working as a nurse auditor for Defendant-Appellee Harris County Hospital District d/b/a Harris Health

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20058

System ("Harris Health")[1] in 2009.  By early 2014, Alfred was promoted from nurse auditor to a management position.  From June 5th through July 21, 2014, Alfred took an approved FMLA leave to personally undergo and recover from a major surgical procedure.  On July 9, 2014, while she was still out on leave, Alfred received an email from her supervisor, Tina Strawn.  The email from Strawn indicated that she had received a "hornet[']s nest of complaints" from the employees Alfred supervised.  These complaints related to Alfred's alleged micro-management of their employment activities, such as clocking-in and out and taking leave, along with various concerns that Alfred was disrespecting them.  According to Alfred, on July 22, 2014, the day after she returned to work, Strawn informed her that her employees had been moved to another manager and that she could either continue to be a manager without employees or accept a demotion to the position of nurse auditor.  Alfred was given some time to consider her options and discussed the situation with her husband.  The following day, July 23, 2014, Alfred returned to Strawn and told her that she had "decided to take the nurse auditor position."  Shortly thereafter, Alfred was demoted to the nurse auditor position and her pay was cut by approximately 11%.  Strawn then sent an email to her supervisor, Michael Hill ("the July 23rd email"), stating that "Donna very graciously stepped down from her role as a senior manager saying that working from home more and not having any managerial responsibilities will allow her the opportunity to be there for her mother while she's going through her cancer treatments."  Alfred did not learn that Strawn had sent the July 23rd email to Hill until after she filed suit against Harris Health the following year.

Alfred submits that in early August 2014, she met with the Human Resources Department ("HR") "to complain about her demotion" and was told

---

[1] Harris Health is a political subdivision of the state of Texas. Tex. Const. art. IX, § 4.

the matter would be investigated. Meanwhile, Alfred requested additional FMLA leave from August 18th through 24th to care for her mother who had been diagnosed with cancer at the end of May 2014. The leave was approved, Alfred took the leave in late August 2014 as requested, and she then returned to work.

In September 2014, Alfred met again with HR to discuss its findings regarding her complaint. The HR representative indicated that five employees had been interviewed and Alfred's demotion was due to her micromanagement, lack of communication, and poor morale in the department.

Alfred filed suit in Texas state court against Harris Health in February 2015, alleging that she was demoted on July 22, 2014, in retaliation for taking FMLA leave from June 5th to July 21st to have surgery. Harris Health removed to federal district court in March 2015, and the district court scheduled a conference for April 2, 2015, directing the parties to exchange principal documents prior to the conference. During the April 2nd conference, Harris Health produced a copy of the July 23rd email from Strawn to Hill, giving Alfred an opportunity to view the email.

Alfred was deposed two weeks later on April 17, 2015, and again received a copy of the July 23rd email. Alfred testified during her deposition that she believed she had been retaliated against for taking FMLA leave in June and July of 2014 to undergo surgery. According to Alfred's deposition testimony, "I feel that if I'd never taken the FMLA leave,[2] that none of this ever would have happened."

The district court scheduled a pretrial conference for April 22nd. At the conference, Harris Health disclosed to the court that, as a governmental entity,

---

[2] Alfred made this statement in reference to the approved FMLA leave she took from June 5th through July 21st to undergo surgery.

it likely had a sovereign immunity defense against Alfred's self-care FMLA claim for retaliation. Consequently, the district court issued a scheduling order requiring Harris Health to submit a 2-page brief on the sovereign immunity issue.

Approximately five days later, Alfred filed an opposed motion for leave to file an amended complaint seeking to add a claim for FMLA retaliation due to the *family-care* leave she requested to take to care for her mother in late August 2014—a claim against which Harris Health would not be able to assert a sovereign immunity defense. Alfred asserted that the July 23rd email from Strawn to Hill was "[n]ewly discovered evidence" that supported a claim for FMLA family-care retaliation. Harris Health did not file a response to Alfred's motion for leave to amend and on August 26, 2015, the district court issued an order denying the motion. In its ruling denying Alfred's motion, the district court stated:

> [Alfred] cannot use information from a third party to propagate a new explanation for her subjective, and asserted, reasons for taking leave. The facts underlying this exchange are not newly discovered, nor do they change why she originally took the leave.
>
> A court should freely give leave when justice so requires, it is not required here. Granting leave would be futile, would prejudice Harris County, and would unduly delay the litigation.

In December 2015, Harris Health filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on grounds that it was sovereignly immune from Alfred's FMLA self-care claims of retaliation, as well as from her claims for reinstatement. Fed. R. Civ. P. 12(b)(1). In response, Alfred requested that the district court reconsider its ruling denying her motion to amend, in which she sought to add the FMLA family-care claim. In January

No. 16-20058

2016, the district court issued an Opinion on Liability denying Alfred's request for reconsideration and dismissing her claims against Harris Health with prejudice. In its opinion, the district court reasoned that, because Harris Health is a subdivision of the state of Texas and states are immune from liability for claims arising from the self-care provision of the FMLA, Harris Health was immune from liability for Alfred's FMLA self-care retaliation claim. The district court went on to state that Alfred was also legally barred from seeking reinstatement to her position and did not qualify for any other form of relief that she sought. The district court concluded that it lacked subject matter jurisdiction over Alfred's claims on grounds that Harris Health was sovereignly immune from the suit. Alfred filed this appeal.

## II. Standard of Review

This court conducts a de novo review of a district court's dismissal pursuant to Rule (12)(b)(1). *Machete Prods., LLC v. Page*, 809 F.3d 281, 287 (5th Cir. 2015) (citation omitted). In evaluating a motion to dismiss, "we must take all of the factual allegations in the complaint as true, but we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotation marks and citation omitted). "However, in examining a Rule 12(b)(1) motion, a district court is empowered to find facts as necessary to determine whether it has jurisdiction." *Id.* (citation omitted).

"We review a district court's denial of leave to amend for an abuse of discretion." *Id.* (citing *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013)).

## III. Analysis

Pursuant to the Eleventh Amendment, "[a] foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense." *Coleman v. Court of Appeals of Md.*, 132 S. Ct. 1327, 1333 (2012) (citations omitted). "As an

exception to this principle, Congress may abrogate the States' immunity from suit pursuant to its powers under § 5 of the Fourteenth Amendment." *Id.* (citations omitted). This abrogation occurs under the FMLA's family-care provision, but not under the self-care provision. *Id.* at 1334 ("Standing alone, the self-care provision is not a valid abrogation of the States' immunity from suit."). This is because "[i]n enacting the FMLA, Congress relied upon evidence of a well-documented pattern of sex-based discrimination in family-leave policies," and thus, the Supreme Court held in *Nevada Department of Human Resources v. Hibbs* that employees are permitted to recover damages from the State for these types of violations. *Id.* (citing *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 728 (2003) ("The FMLA aims to protect the right to be free from gender-based discrimination in the workplace.")). Accordingly, a State enjoys sovereign immunity from suit for an FMLA claim for retaliation based on the self-care provision but not the family-care provision. *Id.*

Alfred's original complaint only asserted a claim for FMLA self-care retaliation. *See* 29 U.S.C. § 2612(a)(1)(D). In her complaint, she explained that she was protected under the FMLA as an employee with a serious medical condition that left her unable to perform the functions of her job. *See id.* She detailed under the facts section of her complaint that she had worked at Harris Health for five years prior to requesting FMLA leave to undergo and recover from surgery in June and July of 2014. She assessed her decision to take this self-care FMLA leave as the precise cause of her demotion, an allegation which she asserted was supported by the evidence of her conversation with Strawn the day she returned to work on July 22, 2014, subsequent to taking the self-care FMLA leave. Prior to being deposed and again during her deposition, she received a copy of the July 23rd email from Strawn to Hill discussing Alfred's gracious reaction to the proposed demotion, wherein, according to Strawn, Alfred explained that she would be able to use the extra time resulting

therefrom to care for her mother while she went through her cancer treatments. Alfred reiterated in her deposition testimony that, although she decided to accept the demoted position as a nurse auditor after her conversation with Strawn, she felt she was forced into doing so. She also stated during her deposition that she believed that if she had not taken the self-care FMLA leave to undergo surgery, then she would not have been demoted.

As noted, because States are immune from liability for claims arising under the self-care provision of the Act, the district court did not err in dismissing Alfred's FMLA self-care retaliation claim against Harris Health for lack of subject matter jurisdiction. *See Machete Prods.*, 809 F.3d at 287; *cf. Coleman*, 132 S. Ct. at 1334 (providing that the FMLA's self-care provision is not a valid abrogation of the States' immunity from suit). Consequently, Alfred's appeal turns on whether the district court abused its discretion in denying her motion for leave to amend her complaint to add an FMLA family-care retaliation claim. *See* 29 U.S.C. § 2612(a)(1)(C). Alfred argues that the district court's denial of her motion was an abuse of discretion and that amendment of her claim would not have been futile, prejudicial to Harris Health, or have unduly delayed the litigation. We disagree.

"Federal Rule of Civil Procedure 15(a) states that the district court should freely give leave [to amend] when justice so requires." *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Europe GmbH*, No. 15-10943, 2016 WL 5888386, at *4 (5th Cir. Oct. 10, 2016) (citation omitted). "The language of this rule evinces a bias in favor of granting leave to amend and a district court must possess a substantial reason to deny a request." *Id.* (alterations, internal quotation marks, and citation omitted). "A district court should examine five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the

opposing party, and 5) futility of the amendment." *Id.* (alterations and internal quotation marks omitted).

It was only after the April 22nd pretrial conference where Harris Health disclosed to the district court that it may have a sovereign immunity defense against Alfred's self-care FMLA retaliation claim, that Alfred sought leave to amend her complaint to include a family-care FMLA retaliation claim. Alfred indicated that she spoke generally with Strawn in May 2014 about her mother's illness. Alfred argues on appeal that this conversation was sufficient to put Strawn on notice[3] that she would be requesting family-care FMLA leave in the future. Thus, according to Alfred, although contrary to the factual allegations in her original complaint and her deposition testimony, her July 22nd demotion was in retaliation for the FMLA family-care leave she planned to take in late August 2014, rather than the self-care FMLA leave she took in June and July of 2014.

In addressing Alfred's last-minute request to amend the factual representations that she alleged supported her FMLA retaliation claims, the district court noted that "[p]leading in the alternative is fine for legal theories, but it is not for facts—facts the party knows and has sworn to. A party representing a single fact as both true and false does not create a fact issue; it engenders an ethical one." We find this reasoning persuasive in light of the allegations outlined in Alfred's original complaint detailing the timeline and order of events she claimed supported her allegations of FMLA self-care retaliation, *i.e.*, she took FMLA self-care leave from June 5th through July 21st, returned to work on July 22nd, was informed by Strawn the day she returned that she could no longer supervise other employees, and was given the option to take the demoted position of nurse auditor. Additionally, as

---

[3] *See* 29 C.F.R. § 825.302.

referenced by the district court, Alfred reiterated multiple times in her sworn deposition testimony that she believed she was retaliated against for taking self-care FMLA leave to undergo surgery.  The record reflects that Alfred had obtained a copy of the July 23rd email from Strawn to Hill but nevertheless continued to testify in her deposition that she believed she was demoted for taking the self-care FMLA leave.  But when Alfred learned that her retaliation claim for self-care FMLA leave would be subject to Harris Health's defense of sovereign immunity—and that a retaliation claim for family-care FMLA leave would not—she sought to amend her complaint to adjust the factual allegations contained therein to support a FMLA family-care retaliation claim.

Regardless of the timing of Alfred's motion to amend, however, the undisputed facts in the proceedings below simply do not support a claim for FMLA family-care retaliation and, thus, any amendment would have been futile.  Alfred's demotion occurred on July 22nd, the day she returned to work after taking self-care FMLA leave, presumably causing her to file suit and testify that she had been retaliated against for taking the self-care leave.  The record reflects that at this time, she had not yet applied for, received, or taken, any type of FMLA family-care leave for any reason.  Although she claims to have generally mentioned her mother's illness to Strawn back in May 2014, Alfred fails to present evidence that any purported conversation she and Strawn had in May equated to notice of her intention to take FMLA family-care leave at a later date.  *See* 29 C.F.R. § 825.302 (providing minimum notice requirements and detailing that such notice can be verbal); *cf. Lanier v. Univ. of Tex. S.W. Med. Ctr.*, 527 F. App'x 312, 316 (5th Cir. 2013) (per curiam) (unpublished) ("Although an employee need not use the phrase 'FMLA leave,' she must give notice that is sufficient to reasonably apprise her employer that her request to take time off could fall under the FMLA.")).  To the contrary, the July 23rd email from Strawn to Hill, sent one day after Alfred's "demotion,"

appears to suggest that Strawn first learned of Alfred's intentions to take FMLA family-care leave during the conversation(s) she had with Alfred regarding Alfred's removal from the management position. Accordingly, the record evidence supports the district court's denial of Alfred's motion to amend on grounds of futility. *See SGIC Strategic Global Inv. Capital, Inc.*, 2016 WL 5888386, at *4.

In light of these reasons, we hold that the district court's denial of Alfred's motion for leave to amend was not an abuse of discretion. *See Machete Prods.*, 809 F.3d at 287.

## IV. Conclusion

For the aforementioned reasons, we affirm the judgment of the district court dismissing Plaintiff-Appellant's claims.